UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAIFUSIN CHIU,<br><br>  Plaintiff,<br><br>  v.<br><br>THE PRESIDENT OF US, at al.,<br><br>  Defendants. | No. 2:25-cv-0406 DJC AC PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. The matter accordingly was referred to the undersigned by E.D. Cal. R. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915 and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted.

I. SCREENING

A determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint

1  must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the
2  reason the case is filed in this court, rather than in a state court), (2) a short and plain statement
3  showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and
4  (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth
5  simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).

6      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
7  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the
8  court will (1) accept as true all of the factual allegations contained in the complaint, unless they
9  are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the
10 plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von
11 Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert.
12 denied, 564 U.S. 1037 (2011).

13     The court applies the same rules of construction in determining whether the complaint
14 states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court
15 must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must
16 construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a
17 less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520
18 (1972).  However, the court need not accept as true conclusory allegations, unreasonable
19 inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618,
20 624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice
21 to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,
22 556 U.S. 662, 678 (2009).  To state a claim on which relief may be granted, the plaintiff must
23 allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at
24 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the
25 court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
26 Iqbal, 556 U.S. at 678.

27     A pro se litigant is entitled to notice of the deficiencies in the complaint and an
28 opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See

Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

## II.  THE COMPLAINT

The putative complaint is unintelligible.[1]  ECF No. 1.  There is no clearly identifiable incident that forms the basis of the complaint.  No causes of action are asserted.  The sentences in the complaint do not make sense.  For example, plaintiff writes: "All church goes when he gives sin and win dead body in cross and free all debt and free all sin with his pink the star diamond cross for free which I put his cross for Steve Saephanh and all human being with sin or sin people who are church with sin people." ECF No. 1 at 2. The complaint consists entirely of such sentences, written in a lyric-like format.

## III.  DISCUSSION

The complaint does not contain facts that indicate any basis for federal jurisdiction or that support any cognizable legal claim against any defendant.  The undersigned finds that the complaint consists entirely of fanciful and nonsensical sentences and allegations with no basis in law and no plausible supporting facts.  Accordingly, the complaint cannot support relief and must be dismissed.  See Neitzke, 490 U.S. at 327; Twombly, 550 U.S. at 570.

It is readily apparent that amendment would be futile.  Although leave to amend is generally to be granted with liberality, "[v]alid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).  Considering the content of

---

[1] The court notes that plaintiff has filed numerous cases in this district against various defendants, each with the same kind of nonsensical, lyric-like complaint as presented in this case. Each has resulted in an immediate recommendation of dismissal for frivolity.  Such cases include but are not limited to: Chiu v. Trump, 2:22-cv-00764-KJM-AC; Chiu v. President of the United States, 2:22-cv-00809-TLN-DB; Chiu v. Saechou, 2:23-cv-00094-DAD-KJN; Chiu v. Consumnes River College, 2:23-cv-00096-TLN-CKD; Chiu v. President of the US, 2:23-cv-00097-DJC-JDP; Chiu v. Extra Space Storage, 2:23-cv-00099-KJM-AC.  Plaintiff is warned that continued abuse of the court's process could result in the entry of a vexatious litigant order against him, which would restrict his ability to file cases in this court.

1  the complaint before the court, the undersigned finds that it would be futile to grant plaintiff leave
2  to amend.

### IV. PRO SE PLAITNIFF'S SUMMARY

Your request that the court waive your filing fee is being granted and you will not have to pay the filing fee in this case.  However, because your complaint does not make any legal claim or provide facts that could support any legal claim, the undersigned is recommending that your case be dismissed.

### V. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's application to proceed in forma pauperis (ECF No. 2), is GRANTED.

Further, IT IS HEREBY RECOMMENDED that all claims against all defendants should be DISMISSED with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: March 19, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE